UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY BRIAN MALLGREN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-03039 (UNA) |

### MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has filed a Complaint ("Compl."), ECF No. 1, and an Application for Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2. The Court grants Plaintiff's IFP Application, and for the reasons discussed below, it dismisses this matter without prejudice.

Plaintiff, a resident of the District of Columbia, sues the United States and the Justices of the Supreme Court of the United States. *See* Compl. at 1. The Complaint is vague, at best. Plaintiff alleges that he "has submitted several court suggestions," but some of them "have seemingly not been formally entered into the official information technology system, after months." Compl. at 1. These "court suggestions" include a mandatory "Pro Se Intake Email Address," for all federal districts, and a mandatory "Misconduct Complaint Email Address," for all federal circuits. *See id*. He alleges that, because his suggestions have not been universally adopted, he has suffered, but he does not explain how he has suffered. He asks for a "nationwide Pro Se Intake Email Address implementation," and a "Nationwide Misconduct Email Address implementation." *Id*.

First, *pro se* litigants must comply with the Federal and Local Rules of Civil Procedure. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239–40 (D.D.C. 1987). Federal Rule 8(a) requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that respondents receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's vague allegations fall short of providing notice of a claim or establishing this Court's subject matter jurisdiction. Indeed, it is unclear what legal duty, if any, the Defendants owe Plaintiff to accept his "suggestions," or when or to whom he submitted them, or if he did so through the proper channels.

As for the latter, insofar as Plaintiff is attempting to institute a policy for federal courts to universally accept *pro se* complaints by email, the process to amend or enact a new federal rule of procedure is subject to multiple levels of review, not, as requested here, by and through a federal district court; instead, Plaintiff must seek relief through a process involving the Advisory Committee on Civil Rules, the Judicial Conference's Committee on Rules of Practice and Procedure ("the Committee"), public commentary, the Judicial Conference of the United States, the Supreme Court, and finally, Congress. *See* 28 U.S.C. §§ 2071, *et seq* (Rules Enabling Act). Under the Federal Advisory Committee Act, 5 U.S.C., App. § 2, the public may submit suggestions for changes to the Federal Rules by sending them to the Committee directly. The Federal Rules Advisory Committee reviews such suggestions and, if meritorious, may hold hearings on the proposed changes and accept public comment. *See id.* Simply put, as far as Plaintiff's claims can

even be understood, this Court lacks subject matter jurisdiction to affect the comprehensive procedural change demanded. *See* Fed. R. Civ. P. 12(h)(3). And it certainly lacks jurisdiction to supervise the Justices of the Supreme Court. *Accord Elias v. Harris,* 23-cv-986, 2023 WL 4560836, at *1 (D.D.C. July 17, 2023).

Accordingly, and for all these reasons, the Court dismisses the Complaint, and this matter, without prejudice. An Order consistent with this Memorandum Opinion is issued separately.

Date: November 24, 2025

TREVOR N. McFADDEN
United States District Judge